IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Austin Walker, *a/k/a Shayla Walker*, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> Nick Gallam, ) <br> ) <br> Respondent. ) <br> ) | Case No.: 9:23-cv-1881-JD-MHC <br><br><br> **ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Molly H. Cherry, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 11.) Petitioner Austin Walker, a/k/a Shayla Walker ("Petitioner" or "Walker"), proceeding *pro se*, filed a Petition for habeas corpus relief action under 28 U.S.C. § 2241 against Respondent Nick Gallam ("Respondent" or "Gallam") seeking relief from pretrial detention. (DE 1.)

At the time Petitioner filed this Petition, Walker was a pretrial detainee at the Aiken County Detention Center and was challenging pending state criminal charges. On July 10, 2023, Petitioner pled guilty to two charges of assault and battery first degree (case numbers 2019A0210200419 and 2019A0210200420). See Aiken County Second Judicial Circuit Public Index, https://publicindex.sccourts.org/Aiken/PublicIndex/PISearch.aspx [search case numbers listed above] (last visited March 27, 2024).

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

In an Order dated June 27, 2023, Petitioner was given the opportunity to bring this case into proper form by providing the item specified in the Order. Petitioner was also advised of pleading deficiencies and given an opportunity to file an amended petition. (DE 4.) The Order was remailed to Petitioner on July 5, 2023. (DE 7.) Petitioner has not provided the proper form document and has not filed an amended petition.

The Report was issued on September 6, 2023, recommending the Petition be dismissed because the Court lacks jurisdiction and for failure to bring the case into proper form. Petitioner did not file an objection to the Report.[2] In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Therefore, the Court adopts the Report (DE 11) and incorporates it here by reference.

It is, therefore, **ORDERED** that Walker's Petition is dismissed without prejudice and without requiring Respondent to file a return. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[2] On December 29, 2023, the Court granted (DE 16) Petitioner's Motion for Extension of Time (DE 15). Subsequently, on February 18, 2024, Petitioner filed a second Motion for Extension of Time (DE 18). The motion was granted (DE 19) making Petitioner's objections, if any, due by February 20, 2024.

**IT IS SO ORDERED**.

*Joseph Dawson, III*
Joseph Dawson, III
United States District Judge

Florence, South Carolina
March 28, 2024

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that she has the right to appeal this order within sixty (60) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.